JOHNNY SLATE v. CLAVIS SHELTON

No. 7417DC62

(Filed 6 February 1974)

**Rules of Civil Procedure § 51— jury instructions — no expression of opinion**
    The trial judge did not violate Rule 51(a) of the Rules of Civil Procedure by expressing an opinion on the facts during his jury in-

structions where the court used the phrases "as I understand it" and "I think he meant" in referring to his own understanding of certain testimony, since he cautioned the jury not to take the facts or evidence from the court but only from their own recollection of the evidence.

APPEAL by defendant from *Clark, Judge,* 5 June 1973 Session of District Court held in STOKES County.

This is an action to recover damages for breach of contract.

Plaintiff testified that he and defendant entered into a contract under the terms of which he was to cut certain lumber to specifications and deliver to defendant at an agreed price of $175.00 per thousand board feet; that he delivered the lumber in accordance with the agreement, but defendant refused to pay for it.

Defendant denied that the lumber was cut to specifications as agreed and declined to accept it.

The court submitted these issues to the jury: (1) "Did the Plaintiff and Defendant enter into a contract for purchase of lumber cut to certain specifications and delivered to defendant at $175.00 per thousand feet?" (2) "If so, did Plaintiff perform his part of the contract?" (3) "What amount, if any, is the plaintiff entitled to recover of the defendant?" The jury answered the first two issues Yes, and found that plaintiff was entitled to $2,033.85 in damages. Judgment was entered accordingly, and defendant appealed.

*Frank C. Ausband for plaintiff appellee.*

*Marshall and Hughes, by William F. Marshall, Jr., for defendant appellant.*

BALEY, Judge.

The sole contention on this appeal is that the trial court violated Rule 51(a) of the North Carolina Rules of Civil Procedure by expressing an opinion on the facts during its instructions to the jury.

Rule 51(a) provides:

"(a) *Judge to explain law but give no opinion on facts.* —In charging the jury in any action governed by these rules, no judge shall give an opinion whether a fact is fully or sufficiently proved, that being the true office and prov-

ince of the jury, but he shall declare and explain the law arising on the evidence given in the case. The judge shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided, the judge shall give equal stress to the contentions of the various parties."

Upon one occasion in his charge the court used the phrases "as I understand it" and "I think he meant" in referring to his own understanding of certain testimony, but he cautioned the jury not to take the facts or evidence from the court but only from their own recollection of the evidence. He explained what he thought the plaintiff had meant by his testimony, but he did not say or imply in any way that plaintiff's testimony was true, or that defendant's evidence should be rejected. The court was simply interpreting and summarizing the evidence in order to declare and explain the law arising thereon as required by Rule 51(a).

Considered as a whole, the charge complied with Rule 51(a) and contained no expression of opinion which could have been prejudicial to the defendant.

Upon conflicting evidence the jury has found for the plaintiff.

No error.

Judges CAMPBELL and HEDRICK concur.